**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOSEPH W. CARPENTER,**

    **Plaintiff,**

**v.**                                        **Case No. 8:13-cv-626-T-35-TGW**

**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security,**

    **Defendant.**

_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Plaintiff's Complaint

seeking review of the denial of his claim for Disability Insurance Benefits ("DIB").  (Dkt. 1)

On June 5, 2014, United States Magistrate Judge Thomas G. Wilson issued a Report and

Recommendation ("R&R"), recommending that the decision of the Commissioner be

affirmed.  (Dkt. 24)   Plaintiff timely filed objections to the Magistrate Judge's R&R and

Defendant filed a response.  (Dkts. 25, 27)   Upon consideration of all relevant filings, the

record, the parties' briefs, and being otherwise fully advised, the Court **AFFIRMS** the

Commissioner's decision.

## I.    STANDARD OF REVIEW

In the Eleventh Circuit, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation after conducting a careful and complete review of the

findings and recommendations.  28 U.S.C. § 636(b)(1); see Williams v. Wainwright, 681

F.2d 732, 732 (11th Cir. 1982).   A district judge "shall make a de novo determination of

those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990).  In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*.  28 U.S.C. § 636(b)(1); see Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).  The district judge reviews legal conclusions *de novo,* even in the absence of an objection.  See Cooper-Houston v. S. Ry., 37 F.3d 603, 604 (11th Cir. 1994).

## II.    DISCUSSION

In the initial brief on appeal, Plaintiff raises four challenges to the Commissioner's decision.  In particular, Plaintiff argues that: (1) the ALJ's finding that Plaintiff did not meet or equal Listing 1.04A was not based on substantial evidence; (2) the ALJ did not articulate good cause for rejecting opinions from two treating physicians; and (3) the hypothetical question posed to the vocational expert was not based on substantial evidence.  In a thorough and well-reasoned analysis, the Magistrate Judge rejected each of these arguments.  Plaintiff now raises six objections to the R&R, which are addressed below.

### A.    Listing 1.04A

The ALJ determined that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.  (T. 29) In reaching that conclusion, the ALJ noted that the State agency medical consultant, Clarence Louis, M.D., also determined that no listing was met or equaled.  The ALJ further observed that no new evidence had been introduced to rebut that finding.  (Id.)   On

appeal, Plaintiff argues that this finding was not supported by substantial evidence because Plaintiff did, in fact, meet or equal Listing 1.04A.  Alternatively, Plaintiff requests that the case be remanded in order for the ALJ to obtain and consider an updated medical expert opinion on this issue.

The Magistrate Judge concluded that the ALJ's decision was supported by substantial evidence.  In the objections to the R&R, Plaintiff maintains that the Magistrate Judge did not address whether the ALJ erred by failing to obtain an updated medical expert opinion, and erroneously characterized Dr. Louis's opinion as irrelevant to the ALJ's decision.

Upon *de novo* review, and assuming that the argument was properly raised before the administrative agency,[1] this Court finds that the ALJ's did not err by failing to obtain an updated medical expert opinion.  Contrary to Plaintiff's assertion, Social Security Ruling 96-6p does not mandate that an ALJ obtain an updated medical expert opinion when new evidence is presented.  Rather, the Ruling provides that an ALJ must obtain an updated medical opinion "[w]hen additional medical evidence is received that in the opinion of the [ALJ] may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listings of impairments."  SSR 96-6p, 1996 WL 374180 (Jul. 2, 1996) (emphasis added).

Here, the medical evidence does not demonstrate that Plaintiff's back impairment met or equaled Listing 1.04A during the relevant period.  Listing 1.04A requires Plaintiff

---

[1] See Bechtold v. Massanari, 152 F. Supp. 2d 1340, 1347 (M.D. Fla. 2001) (in social security appeal, holding that argument not raised before administrative law judge was deemed waived) (citing Alacare Home Health Servs., Inc. v. Sullivan, 891 F.2d 850, 855 n. 5 (11th Cir. 1990)).

to show that he has a disorder of the spine resulting in compromise of a nerve root or spinal cord with:

> [e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]
>
> 20 C.F.R. Pt. 404, Subpt. P, App. 1.

The Regulations further provide that, "[b]ecause abnormal physical findings may be intermittent, their presence over a period of time must be established by a record of ongoing management and evaluation." Id.  In order for an impairment to medically equal a listed impairment, it must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a).

As the ALJ found, the Plaintiff did have a disorder of the spine: degenerative disc disease of the lumbar spine with two herniated discs.  (T. 25)  However, Plaintiff has not identified evidence that this disorder resulted in nerve root compression, as the Magistrate Judge explained.  (Dkt. 24, pp. 11-13).  For instance, the most recent lumbar MRI results, from March 2004, stated that there was no evidence of nerve root impingement.  (T. 32, 248)  With respect to the other clinical signs required by Listing 1.04A, Plaintiff points to only isolated exam findings (see Dkt. 14, p. 14), which do not demonstrate that he was suffering from a listing-level impairment on a durational basis---a conclusion that is underscored by Plaintiff's sporadic treatment history.  (See T. 32, 33-34)

Accordingly, the Court finds that the ALJ did not err in failing to obtain an updated medical expert opinion, and that the ALJ's determination that Plaintiff did not meet or equal Listing 1.04A was based on substantial evidence.  Additionally, although Plaintiff

maintains that the ALJ improperly relied on the opinion of Dr. Louis, the State agency medical consultant, the Court agrees with the Magistrate Judge that the ALJ's decision was based on the ALJ's own independent review of the medical evidence.  (See T. 25-29)

###### B.      Treating source opinions

On appeal, Plaintiff also argues that the ALJ failed to articulate good cause for rejecting the opinions of two treating physicians: Howard Goldman, M.D., a psychiatrist, and Taras Kochno, M.D., a physical medicine and rehabilitation specialist.   The Magistrate Judge determined that these contentions were without merit.  In the objections, Plaintiff maintains that the Magistrate Judge mischaracterized case law and erroneously determined that the ALJ committed harmless error by misstating the chronology of Plaintiff's mental health treatment.

The ALJ is "required to state with particularity the weight he gave the different medical opinions and the reasons therefor," particularly treating physicians' opinions. Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987); see 20 C.F.R. § 404.1527(c) (specifying factors to be considered in weighing medical opinions).  "Absent 'good cause,' an ALJ is to give the medical opinions of treating physicians 'substantial or considerable weight.'" Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)).  "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." Winschel, 631 F.3d at 1179 (internal quotation marks omitted).

In the R&R, the Magistrate Judge correctly stated the law pertaining to evaluation of treating source opinions.  (Dkt. 24, pp. 14)   The Magistrate Judge also correctly observed that evidence of a diagnosis, by itself, is not sufficient to demonstrate functional limitations.  (Id., pp. 17-18).  To the extent that Plaintiff's objections are directed to the Magistrate Judge's ultimate recommendations, this Court finds, that the ALJ articulated the requisite good cause for giving reduced weight to the opinions of Dr. Goldman and Dr. Kochno and that those findings were supported by substantial evidence.

Specifically, with respect to Dr. Goldman's opinion, the ALJ found that the opinion was not supported by Dr. Goldman's own records.  In particular, the ALJ observed that Plaintiff's course of treatment was not of the consistency one would expect if, in fact, the Plaintiff had marked limitations.  Plaintiff's course of treatment was limited, running from July to October 2009, with a gap in treatment until July 2010.  The ALJ further noted that Plaintiff's self-reported mental symptoms were moderate, that Plaintiff did not fill his prescription for Zoloft, that Plaintiff asserted that his appetite, energy level, and libido were fine, and that there was no reported memory issue.  Ultimately, the ALJ concluded that, despite Dr. Goldman's opinion, the record was more consistent with the opinion of the consultative psychologist, who concluded that Plaintiff did not meet the criteria for any specific mental health disorder.  That determination was based, in part, on Plaintiff's essentially unremarkable mental status examination and Plaintiff's own report that he did not have any significant mental health problems.  (T. 34-37)

Although the ALJ stated that Plaintiff's mental health treatment did not begin until July 2009 (T. 37), the Magistrate Judge properly concluded that this statement does not

constitute reversible error.  Earlier in the opinion, the ALJ specifically considered the prior

mental health records in weighing Dr. Goldman's opinion, as follows:

> By way of general summary and evaluation the undersigned finds that the preponderant weight of the evidence does not sufficiently support the allegations at hearing from the claimant or his wife or the medical source statements by Doctors Kochno or Goldman. . . . He was treated for some anxiety, with normal mental status.  He received Valium and Lexapro on occasional visits and then just Valium by July through December 2008. . . . [P]sychological and mental status reports also were quite normal, including no memory problem.

> (T. 36)

The ALJ also discussed the prior mental health treatment notes at a number of other

points in the decision. (T. 28, 29, 32)

With respect to Dr. Kochno's opinion, the ALJ observed that the opinion did not

correlate with treatment notes concerning Plaintiff's back disorder.  In particular, the

record indicated that, after prior treatment with Dr. Kochno in August 2003, Plaintiff's

symptoms reportedly subsided.  Plaintiff returned to Dr. Kochno in May 2009, and Dr.

Kochno issued his opinion that same month, after a very limited period of treatment.

Moreover, Dr. Kochno opined that Plaintiff suffered from functional limitations as of June

2001, even though Plaintiff himself did not allege disability until April 2004.  The ALJ also

reviewed in detail other relevant evidence, including diagnostic imaging, electrodiagnostic

testing, and physical examinations, which showed largely normal or mild findings.  The

ALJ further noted that Plaintiff sought only sporadic care for his back impairment, he

reported improvement on medication or declined medication, and he engaged in a range

of daily activities.  (T. 26, 32-36)  The ALJ thus articulated good cause for assigning little

weight to Dr. Kochno's opinion, and that finding was based on substantial evidence.

> ### C.    Vocational expert hypothetical

In his final argument on appeal, Plaintiff argues that the ALJ erred by failing to include in the hypothetical to the vocational expert: (1) limitations from Dr. Goldman's and Dr. Kochno's opinions; and (2) a limitation accounting for the ALJ's own finding that Plaintiff had moderate limitations in concentration, persistence, and pace. In the R&R, the Magistrate Judge determined that the hypothetical was adequate and that Plaintiff's proper challenge would be to the ALJ's residual functional capacity assessment. The Magistrate Judge further determined that, assuming Plaintiff had not forfeited this challenge, it would be meritless. In the objections, Plaintiff maintains that the Magistrate Judge erred in both determinations.

An ALJ is not required to include functional limitations in a hypothetical if the ALJ has found the limitations to be unsupported. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004). Here, the ALJ properly declined to include the limitations proposed by Dr. Goldman and Dr. Kochno, for the reasons discussed above. Additionally, the hypothetical and residual functional capacity adequately accounted for Plaintiff's moderate limitation in concentration, persistence, and pace because the ALJ restricted Plaintiff to "simple, unskilled, routine, and repetitive tasks with one to three steps [*sic*] instructions." See Dawson v. Comm'r of Soc. Sec., 528 F. App'x 975, 977 (11th Cir. 2013).

## III.    CONCLUSION

Upon consideration of the Report and Recommendation, and in conjunction with an independent examination of the file, including a *de novo* review of Plaintiff's objections, it is hereby **ORDERED** that:

1.  The Court adopts the Report and Recommendation. (Dkt. 24)

2. The decision of the Commissioner of Social Security is hereby **AFFIRMED.**

3. The Clerk is directed to enter judgment in favor of the Defendant and to close

   this case.

**DONE and ORDERED** in Tampa, Florida, this 25th day of September 2014.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE


Copies furnished to:
Counsel of Record